IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VALERIE CARLENE GUZMAN                                    PLAINTIFF

     v.                                    CIVIL NO. 13-2129

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                    DEFENDANT


**<u>MEMORANDUM OPINION</u>**

     Presently before this Court is the Defendant's Motion to Dismiss for failure to state a claim.

ECF. No. 8.  On August 6, 2010, Plaintiff filed applications for disability insurance benefits ("DIB")

and supplemental security income ("SSI").  These claims were denied initially on and upon

reconsideration.  On March 26, 2012, an Administrative Law Judge (ALJ) issued a decision denying

Plaintiff's applications for Title II and Title XVI benefits.  Plaintiff appealed this decision to the Appeals

Council, but said request for review was denied on December 11, 2012, when the Appeals Council sent,

by mail addressed to the Plaintiff and to her representative, notice of its December 11, 2012, denial

and of the right to commence a civil action within sixty (60) days from the date of receipt.  ECF No.

9-1.  Plaintiff filed her Complaint with this court on May 9, 2013.  ECF No. 1.

     On August 19, 2013, the Defendant filed its Motion to Dismiss for failure to state a claim

and brief in support.  ECF Nos. 8, 9.  At the Plaintiff's request, Plaintiff's deadline for filing a

response to said motion was extended until October 18, 2013.  ECF No. 10.  However, Plaintiff has

failed to file a response.

     The Defendant asserts that Plaintiff's complaint fails to state a claim upon which relief can

be granted since it was not filed within the time limitation specified.  In 42 U.S.C. § 405(g), the

Plaintiff is required to commence a civil action within 60 days after the date the Notice of Final

Decision is mailed to the Plaintiff, or within any time as extended by the Appeals Council of the Social Security Administration.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court, in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

2

Here, the Appeals Council's decision denying Plaintiff's request for review is dated December 11, 2012.  Under the regulations, receipt of the notice would be presumed five days thereafter, on December 16, 2012.  Thus, to be considered timely, Plaintiff must have commenced her civil action on or before February 15, 2013. Plaintiff's Complaint in this case was not filed until May 9, 2013, and she has provided the Court with no reasonable justification for this delay.  As such, there are  no extraordinary circumstances present in this case to justify extending the 60 day period. Therefore,  we find Plaintiff's Complaint fails to state a claim upon which relief can be granted and recommend that this action be dismissed with prejudice.

IT IS SO ORDERED this 29th day of October 2013.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE